UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-20056-JEM/Becerra

EMILIO PINERO,

        Plaintiff,

v.

JORGE ALBERTO ALVAREZ REVOCABLE
LIVING TRUST and LITTLE HAVANA
RESTAURANT, INC. d/b/a/ LITTLE HAVANA
RESTAURANT,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S VERIFIED MOTION FOR DEFAULT JUDGMENT AND PLAINTIFF'S VERIFIED APPLICATION FOR ATTORNEYS' FEES, COSTS, INCORPORATED MEMORANDUM OF LAW

**THIS CAUSE** came before the Court on Plaintiff, Emilio Pinero's, Verified Motion for Default Judgment and Verified Application for Attorneys' Fees and Costs (the "Motion").[1] ECF No. [13]. Defendants did not file a response to the Motion, and the time to do so has passed. Upon due consideration of the Motion, the supporting Affidavit, the pertinent portions of the record, and the applicable law, it is hereby **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART** as set forth herein.

    **I.**    **BACKGROUND**

This case arises out of Plaintiff's allegations that his access to the restaurant owned or operated by Defendants, "a public accommodation and service establishment" located at 12727 Biscayne Boulevard, North Miami, Florida 33181 (the "Facility"), was restricted or limited due to Defendants' violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [14].

1

(hereinafter, the "ADA").  *See* ECF No. [1] at ¶¶ 1-2, 5, 8.  Plaintiff describes himself as a "double leg amputee from the knees down" who is a "qualified individual with disabilities under the ADA." *Id.* at ¶ 2.  He also notes that he is "an advocate of the rights of similarly situated disabled person and is a 'tester' for the purpose of . . . monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA."  *Id.* at 3.  Plaintiff says he visited the Facility and "encountered barriers to access. . . , engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury" due to Defendants' ADA violations.  *Id.* at ¶ 3, 8.  Specifically, Plaintiff provided the following "specific, although not exclusive, list" of the alleged barriers, conditions, and violations he noted at the Facility (collectively, the "Violations"):

a. The Men's Restroom has no latch side clearance to exit the restroom contrary to 2010 ADA Code §404, whose resolution is readily achievable.
b. The mirrors are located at a non-compliant height contrary to 2010 ADA Code §603.3 whose resolution is readily achievable.
c. The knee clearance of the sink is non-compliant contrary to 2010 ADA Code §606.2, whose resolution is readily achievable.
d. The paper towel dispenser is located at a non-compliant height and requires pinching and grasping to operate contrary to 2010 ADA Code §308.2.1, whose resolution is readily achievable.
e. The Men's vestibule does not provide 48 inches between the doors contrary to 2010 ADA Code §404 whose resolution is readily achievable.
f. There is no lowered urinal contrary to 2010 ADA Code §605.2, whose resolution is readily achievable.
g. The Stall door is not self-closing contrary to 2010 ADA Code § whose resolution is readily achievable.
h. There are no U-shaped handles on either side of the door contrary to 2010 ADA Code §309 and 404, whose resolution is readily achievable.
i. The toilet flush control is on the inaccessible side contrary to 2010 ADA Code §604.6 whose resolution is readily achievable.
j. The toilet exceeds the 18-inch maximum distance from the side wall 2010 ADA Code §604.2 and 604.4, whose resolution is readily achievable.
k. There is no side wall grab bar contrary to 2010 ADA Code §604, whose resolution is readily achievable.
l. The toilet paper dispenser is located in an inaccessible location contrary to 2010 ADA Code §604.7 whose resolution is readily achievable.
m. The stall door swings into the clear floor space contrary to 2010 ADA Code §604.3.2, whose resolution is readily achievable.

*Id.* at ¶ 14.

Plaintiff filed his complaint against Defendants on January 6, 2023, which seeks issuance of a permanent injunction "enjoining Defendants from continuing [their] discriminatory practices" and "ordering Defendants to remove the physical barriers to access and alter the . . . Facility to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA." *Id.* at 7. Defendants were duly served on January 19, 2023. ECF Nos. [6], [7]. After Defendants failed to timely respond to the Complaint, the Clerk of Court entered a Clerk's Default against them on February 15, 2023. ECF No. [10]. Plaintiff subsequently filed the instant Motion seeking injunctive relief, attorneys' fees and costs totaling $4,021.00, and taxable and non-taxable costs and fees totaling $1,802.90. ECF No. [13] at 4-5, 13-14.

## II.     ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1).

A default admits plaintiff's well-plead allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace*

3

*Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard). Once liability is established, the Court must then assess forms of relief. *See Chanel, Inc. v. French*, No. 0:05-cv-61838, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006). Remedies for ADA violations include injunctive relief, reasonable attorneys' fees, costs, and litigation expenses. *See* 42 U.S.C. §§ 12188-12205.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of . . . goods, services, facilities, privileges, advantages, or accommodations" offered in places of public accommodation. 42 U.S.C. § 12182(a). Thus, to state a claim for an ADA Title III violation, a plaintiff must prove that "(1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." *Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F. Supp. 2d 1291, 1293 (S.D. Fla. 2012).

For facilities that existed prior to enactment of the ADA, it is discriminatory to fail to "remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(iv). If removal of such barriers is not readily achievable, "a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" that are readily achievable may constitute discrimination. *Id.* at (b)(2)(v). Removal of a barrier is readily achievable under the ADA if it is "easily accomplishable and able to be carried out without much difficulty or expense." ADA, 42 U.S.C. § 12181(9).

**A. Plaintiff Has Sufficiently Stated a Claim.**

The undersigned concludes that Plaintiff has sufficiently alleged each element of his ADA Title III claim in the Complaint. First, Plaintiff states he is a "double leg amputee from the knees down" and a "qualified individual with disabilities under the ADA." ECF No. [1] at ¶ 2. Next, he contends that Defendants own or operate the Facility, which is a restaurant and thus meets the

4

definition of a public accommodation. *Id.* at ¶¶ 5, 7. Plaintiff further asserts that due to Defendants' failure to remove the Violations, which removal was readily achievable "without much difficulty or expense," Defendants denied him "access to, and full and equal enjoyment of[,] the goods, services, facilities, privileges, advantages and/or accommodations of the Facility" and discriminated against him within the meaning of the ADA. *Id.* at ¶¶ 13, 18. Plaintiff says he intends to return to the Facility but "expects to be discriminated against in the future, unless and until Defendants []are compelled to remove the[se] unlawful barriers and conditions and comply with the ADA." *Id.* at ¶¶ 16-17. With these allegations, Plaintiff has properly stated a claim against Defendants for violations under Title III of the ADA. The undersigned therefore **RECOMMENDS** that final default judgment be entered against Defendants as to liability.

**B. Plaintiff is Entitled to a Permanent Injunction Against Defendants.**

"If the plaintiff establishes a violation of the ADA, an injunction is an appropriate form of relief." *Thornton v. Hosp. Mgmt. Associates, Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019) (citing 42 U.S.C. §§ 12188(a)(2), 2000a-3(a)). With this in mind,

> [a] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted).

As discussed above, the Court has found that Plaintiff properly stated a claim for an ADA violation. Thus, he is entitled to an injunction "direct[ing] Defendant[s] to take all necessary steps to bring [their] public property . . . into full compliance with the requirements set forth in the ADA so that [their] property is fully accessible to disabled individuals within six months. *See Spence v. Antojitos Mexicanos #1 Inc.*, No. 22-cv-61193, 2022 WL 4465392, at *4 (S.D. Fla. Sept. 24, 2022).

Indeed, "[b]ecause 'a defendant, by his default, admits the plaintiff's well-pleaded allegations of fact,' Plaintiff's request for injunctive relief warrants entry of a final default judgment." *Id.* (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). *See also Braithwaite v. Cozy Corner & Novelties LLC*, No. 18-CV-63053, 2019 WL 8884621, at *1 (S.D. Fla. May 23, 2019) ("Pursuant to these allegations, Plaintiff has clearly stated a claim for relief under the ADA, entitling him to corresponding injunctive relief.") *(citing Nolamas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011)).

Here, Plaintiff has alleged that he "is without adequate remedy at law," "suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required" to remedy the Violations. ECF No. [1] at ¶ 19. Further, he asserts that "[g]ranting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities." ECF No. [13] at 4. Plaintiff claims that "[f]ailure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse." *Id.* Therefore, the undersigned **RECOMMENDS** that Plaintiff's request for an injunction be **GRANTED**.

### C. Plaintiff is Entitled to Attorneys' Fees and Costs.

Under the ADA, the Court has discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Therefore, Congress "expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate." *Ariza v. Wolf Fashion LLC*, No. 22-cv-21944, 2022 WL 3591294, at *2 (S.D. Fla. Aug. 22, 2022). In addition to the costs set forth in 28 U.S.C. § 1920, which the Court may award to the prevailing party, "a prevailing plaintiff in an ADA case may recover expert

fees as a litigation expense." *Buchholz v. Sai Saffron 180 LLC*, No. 19-cv-21499, 2019 WL 5617927, at *4 (S.D. Fla. Oct. 31, 2019).

    **i.**    **Attorneys' Fees**

Plaintiff seeks $4,021.00 in attorneys' fees for the legal and administrative services rendered by his attorney, Glenn R. Goldstein, Esq. *See* ECF No. [13] at 5. In assessing the appropriateness of attorneys' fees, courts first calculate "the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Buchholz,* 2019 WL 5617927, at *2. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Id.* (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The relevant legal community is "the place where the case is filed." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted).

The fee applicant bears the burden of providing "satisfactory evidence" that the requested rate is in line with the prevailing market rate and that the hours expended are reasonable. *Ariza*, 2022 WL 3591294, at *2 (citing *Norman*, 836 F.2d at 1303). The Court "'may consider its own knowledge and experience'" in determining appropriate attorneys' fees. *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)). Moreover, the Court may look to "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors outlined in *Johnson v. Ga. High. Express, Inc.*, 488 F.2d 14, 717-19 (5th Cir. 1974)).

Mr. Goldstein billed for legal services and administrative work performed in this case at the rates of $415.00 per hour and $95.00 per hour, respectively. *See* ECF No. [13] at 5. In the

Motion, Plaintiff says this hourly rate "is within, to below, the range of rates charged by other attorneys in similar cases, and within to below the range awarded by Courts in this Circuit in similar cases." *Id.* at 7. Plaintiff also notes that over two years ago, in another ADA Title III case in this district, he was awarded an hourly rate of $350.00 per hour for Mr. Goldstein's services. *Id.; see Pinero v. Facci of Merrick Park, Inc.*, No. 1:18-cv-24323-JEM, ECF Nos. [23], [24].

Indeed, a review of recent ADA Title III cases in this district reveals that Mr. Goldstein's requested rates are within a reasonable range of rates awarded for other counsel in similar circumstances. *See, e.g.*, *Kennedy v. Fountains of Boynton Assocs., Ltd.*, No. 16-81902-CIV, 2017 WL 5957662, at *3 (S.D. Fla. Nov. 6, 2017) (finding a rate of $400.00 per hour for legal services and $115.00 per hour for paralegal services reasonable in an ADA Title III case where "default judgment was entered, the defendant never filed any responsive documents, and the defendant did not dispute Plaintiff's requested hourly rate"); *Caplan v. Mallory*, No. 19-62103-CIV, 2021 WL 883493, at *3 (S.D. Fla. Feb. 26, 2021) (finding an hourly rate of $420.00 reasonable in an ADA Title III case where counsel had been admitted to the Florida Bar approximately fifteen years earlier); *Lakhani v. 900 Southwest, LLC*, No. 22-cv-23220, 2023 WL 1965056, at *3 (S.D. Fla. Feb. 13, 2023) (finding that an hourly rate of $415.00 for legal work and $95.00 for administrative work to be reasonable in an ADA Title III case in this district).

In support of his requested hourly rates, Plaintiff points to Mr. Goldstein's experience in "complex civil litigation, business litigation, and other complex civil and family law actions . . . on both State and Federal Levels," as well as his position as a faculty member at the Florida International University's School of International and Public Affairs. ECF No. [13] at 7. Mr. Goldstein was admitted to the Florida Bar in 2008, approximately fifteen years ago. *Id.* Plaintiff further notes that "the novelty and difficulty of the issues presented in ADA actions" warrant "a higher hourly rate than many other areas of practice," and argues that cases such as this one

8

"benefit[] the general public as a whole" even despite the "negative attitude that many have towards" them. *Id.* at 10-11. Finally, Plaintiff says his counsel "was precluded from accepting other employment from different clients to the extent that significant time and effort was required on this matter." *Id.* at 10. With these considerations in mind, this Court finds that the hourly rates requested by Mr. Goldstein are reasonable and recommends that counsel be compensated for legal services at the requested rate of $400.00 per hour and for administrative work at the requested rate of $95.00 per hour.

Finally, the affidavit submitted with the instant Motion includes an itemized billing log of Mr. Goldstein's expended hours in this case, including 9.3 hours of legal work and 1.7 hours of administrative work, for a total of 11.0 hours. ECF No. [13-1] at 2. A fee applicant must document "the general subject matter of the time expenditures . . . with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citations omitted). A court's assessment of time expenditures must include "pruning out [hours] that are 'excessive, redundant, or otherwise unnecessary.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). Here, the Court finds that the itemized billing log sufficiently details explanations for each time entry relating to legal and administrative work. *See* ECF No. [13-1] at 1-2. After a review of the billing records, the undersigned finds that the 11.0 hours expended were reasonable and **RECOMMENDS** that Plaintiff recover $4,021.00 in attorneys' fees (9.3 hours of legal work times the hourly rate of $415.00, plus 1.7 hours of administrative work times the hourly rate of $95.00).

    ii.    **Costs**

In ADA cases, courts may award those costs enumerated in 28 U.S.C. § 1920. *See Jacobson v. City of W. Palm Beach*, No. 16-cv-81638, 2017 WL 6366791, at *2 (S.D. Fla. Aug. 1, 2017) (determining that Section 1920 costs are available to prevailing parties in ADA cases); *see*

9

*also Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006); *Lucius v. ILOV305 I, LLC*, No. 22-cv-20533, 2022 WL 4634115, at *5 (S.D. Fla. Sept. 7. 2022). Section 1920 provides that the following costs are recoverable:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this case, Plaintiff requests $402.00 in filing fees, which are recoverable under 28 U.S.C. § 1920(1). *See* ECF No. [13] at 14; *Lucius,* 2022 WL 4634115, at *5. Plaintiff also seeks to recover $60.00 for service of process upon each Defendant in this case, for a total of $120.00. ECF No. [13-1] at 2. While costs for service of process are similarly compensable under 28 U.S.C. § 1920, the recoverable amount for private process servers' fees "may not exceed the cost of having the U.S. Marshal's Service effectuate service." *Lucius,* 2022 WL 4634115, at *5. At the time of service of process here, the U.S. Marshals charged $65.00 per hour for each item served. 28 C.F.R. § 0.114(a)(3); *see also Lucius,* 2022 WL 4634115, at *5. Thus, Plaintiff's request for recovery of $60.00 for service upon each of the two Defendants in this case should be authorized. Moreover, Plaintiff's request for $30.90 in postage fees should likewise be granted. ECF No. [13-1] at 2.

However, the $1,250.00 claimed as an "ADA Consultant Fee for Advisement RE: Specific Violations, if Readily Achievable, Etc.," should be denied. *Id.* at 2. As noted above, "[a] prevailing ADA Plaintiff may recover expert fees as a litigation expense." *Hansen,* 420 F. Supp. 2d at 1353. However, Plaintiff provides no backup documentation or information for the

10

consultant fee he seeks to recover other than the total charge, rendering the Court unable to assess the request. ECF No. [13-1] at 2. Plaintiff produced no invoice or report issued by this consultant, even though Mr. Goldstein's time entries indicate that a report was, in fact, generated. *Id.* In sum, Plaintiff's request for this consultant fee is inadequately supported because, based on the information provided in the Motion, it is unclear who the consultant was, what their qualifications are, how much time they spent on any particular task, what they charged per hour, when the work was completed, or whether other courts have deemed similar rates reasonable. *See Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV, 2020 WL 6731041, at *5 (S.D. Fla. Oct. 27, 2020) (denying request for expert fees based on cited cases within this district where such requests were "denied . . . altogether or reduced . . . by a percentage" due to insufficient detail provided in support of the same).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff recover $552.90 in costs ($402.00 in filings fees, $60.00 in service of process fees for each of the two defendants, for a total of $120.00, and $30.90 in postage fees).

### III.  CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Judgement, ECF No. [13], be **GRANTED IN PART AND DENIED IN PART** as set forth herein, and that the Court enter final judgment against Defendant and award Plaintiff $4,021.00 in attorneys' fees and $552.90 in costs.

### IV.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a

party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on January 8, 2024.

_____
**JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE**